UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL D. FRITZ,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No.  2:24-cv-2563 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

I.    Background

In 2015, petitioner was found guilty of one count of annoying or molesting a child under 18, unlawful sexual intercourse with a minor, and possession of obscene matter.  ECF No. 1 at 1; People v. Fritz, No. C098577, 2024 WL 1264921, at *1, 2024 Cal. App. Unpub. LEXIS 1911, at *2 (Cal. Ct. App. Mar. 26, 2024).  Petitioner challenges his conviction on the ground that he is eligible for resentencing and the dismissal of enhancements under Assembly Bill (AB) 600, due to changes in the law and because his current offense is non-violent. ECF No. 1 at 5, 17.

II.    Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears

1

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition appears to be unexhausted and fails to state a cognizable claim for relief.

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

"A.B. 600 amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'" People v. Dain, 99 Cal. App. 5th 399, 412 (2024) (quoting Cal. Penal Code § 1172.1(a)(1)). After petitioner moved for recall and resentencing, the state court determined that petitioner was not entitled to have his sentence recalled. See Fritz, 2024 WL 1264921, at *4, 2024 Cal. App. Unpub. LEXIS 1911, at *9. Accordingly, petitioner's claim that he is eligible to, and therefore should, be resentenced under AB 600 is not cognizable because it is purely a question of state law interpretation.

Any question as to the applicability of AB 600 to petitioner does not state a claim for federal habeas relief because challenges to a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton, 768 F.2d at 1085 (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)). The exception is if "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis, 497 U.S. at 780 (citation omitted). However, petitioner makes no showing that the state court

acted in an arbitrary or capricious manner.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE