UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL D. FRITZ, | No. 2:24-cv-02563-DAD-AC |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION |
| STATE OF CALIFORNIA, | |
| Respondent. | (Doc. No. 5) |

Petitioner Jamal D. Fritz is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 13, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be summarily dismissed based on a lack of jurisdiction. (Doc. No. 5.) The magistrate judge noted that in the petition pending before the court petitioner challenges his underlying state court conviction on the ground that he is eligible for resentencing and the dismissal of enhancements under Assembly Bill ("A.B.") 600 due to changes in the law, but the state court has determined that petitioner is not entitled to have his sentence recalled. (*Id*. at 2) (citing *People v. Fritz*, No. C098577, 2024 WL 1264921 (Cal. Ct. App. Mar. 26, 2024)). Because petitioner's claim raises "purely a question of

1

1 state law interpretation," the magistrate judge found that it "does not give rise to a federal
2 question cognizable in federal habeas." (*Id*.)  The magistrate judge noted that there is an
3 exception if "the state court's finding was so arbitrary or capricious as to constitute an
4 independent due process or Eighth Amendment violation," but observed that "petitioner makes no
5 showing that the state court acted in an arbitrary or capricious manner." (*Id*. at 2–3.)  The
6 pending findings and recommendations were served upon petitioner and contained notice that any
7 objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 3.)  On
8 November 25, 2024, petitioner filed timely objections to the pending findings and
9 recommendations.  (Doc. No. 6.)

10    In his objections, petitioner repeats his argument that he is eligible to have his five-year
11 sentencing enhancement stricken under California A.B. 600, but he also acknowledges that his
12 arguments have been rejected by the Tehama County Superior Court and the California Court of
13 Appeal for the Third Appellate District.  (*Id*. at 2–4.)  Petitioner makes no argument in response
14 to the magistrate judge's finding that his claim does not give rise to a federal question or that
15 petitioner would need to make a showing that the state court acted in an arbitrary or capricious
16 manner in order for this court to have jurisdiction to consider his petition.

17    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
18 *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
19 objections, the court concludes that the pending findings and recommendations are supported by
20 the record and proper analysis.

21    Having concluded that the pending petition must be dismissed, the court also declines to
22 issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
23 right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
24 *Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may
25 only issue a certificate of appealability when a petitioner makes a substantial showing of the
26 denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
27 relief on procedural grounds without reaching the underlying constitutional claims, the court
28 should issue a certificate of appealability "if jurists of reason would find it debatable whether the

1 petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed due to lack of jurisdiction to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on November 13, 2024 (Doc. No. 13) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3